FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 JAN 29 PM 3: 14
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RICHARD GARDNER, JR.,

    Plaintiff,

v.

GLYNN COUNTY DETENTION CENTER,

    Defendant.

CIVIL ACTION NO.: CV207-128

## ORDER

After an independent review of the record, the Court concurs with the recommendation of the Magistrate Judge that Plaintiff's Complaint be **DISMISSED**. In his Complaint, Plaintiff alleged that, while incarcerated at the Glynn County Detention Center in Brunswick, Georgia, a roach was in his breakfast, which caused him to become sick to his stomach. Plaintiff also alleged that the Detention Center is overcrowded and that the medical care at the Detention Center is inadequate. Plaintiff named as Defendant the Glynn County Detention Center itself. In his Report and Recommendation, the Magistrate Judge determined that the Detention Center, as an arm of a local government, is not a legal entity subject to suit under 42 U.S.C. § 1983, and that Plaintiff's Complaint failed to state a claim against any proper party defendant.

Plaintiff has now filed Objections to the Report and Recommendation, wherein he seeks to replace the Detention Center with Undersheriff Ron Corbett and Jail Administrator Colonel Louise Newsome as Defendants. However, Plaintiff has failed to allege with sufficiency any constitutional violation by these individuals. Plaintiff has

simply attempted to name as defendants individuals within the Detention Center's administration without making any factual allegations against these individuals. It appears that Plaintiff seeks to hold the Undersheriff and the Jail Administrator liable based solely upon their supervisory roles. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or where there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802.

Accordingly, because Plaintiff has failed to state a cognizable claim against any proper defendant, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of this Court. Plaintiff's Complaint is hereby **DISMISSED** for failure to state a claim upon which relief may be granted.

SO ORDERED, this 29 day of January, 2008.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA